IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00974–REB–KMT


RACHEL L. LYSS,

      Plaintiff,

v.

SDI OF COLORADO SPRINGS, CO (GARDEN OF THE GODS), LLC, an Oklahoma Limited
Liability Company, (d/b/a) Sonic Drive-In), and
SONIC CORP., a Delaware Corporation,

      Defendants.

---

## ORDER

---

    This matter is before the court on the parties' "Joint Motion to Stay Litigation Pending
Outcome of Arbitration." (Doc. No. 11, May 25, 2012.) The parties seek a court order staying
this litigation pending the outcome of binding arbitration.

    The Federal Arbitration Act (FAA), 9 U.S.C. § *et seq.,* "manifests a liberal policy
favoring arbitration." *Comanche Indian Tribe v. 49, L.L.C.,* 391 F.3d 1129, 1131 (10th Cir.
2004) (quoting *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 25 (1991)); *see also
Moses H. Come Mem'l Hosp. v. Mercury Constr. Corp.* 460 U.S. 1, 24-25 (1983) ("The
Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of
arbitrable issues should be resolved in favor of arbitration . . . .") The FAA further requires a
court to stay actions involving matters referable to arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

9 U.S.C. § 3.

The parties agree that, on January 8, 2009, Plaintiff signed a "Mutual Agreement to Arbitrate" that requires that the claims asserted by Plaintiff in this action be submitted to binding arbitration. (Mot. ¶ 2.)  They therefore agree that binding arbitration is the appropriate and exclusive venue for the adjudication of Plaintiff's claims.  (*Id.*)  Accordingly, the court finds, that consistent with the Section 3 of the FAA, this case should be stayed pending resolution of Plaintiff's claims through binding arbitration.  9 U.S.C. § 3.

Therefore, it is ORDERED

The parties' "Joint Motion to Stay Litigation Pending Outcome of Arbitration"  (Doc. No. 11) is GRANTED.  This case is STAYED, pursuant to 9 U.S.C. § 3, until arbitration consistent with the parties' "Mutual Agreement to Arbitrate" is completed.  The parties shall file a Joint Status Report within ten (10) days of the completion of arbitration describing the result of the arbitration and indicating what, if any, further action is necessary in this case.

Dated this 1st day of June, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

2